UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LEAH JACKSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT WAHL, et al.,<br><br>Defendants. | Case No.: 24-cv-1945-RSH-MMP<br><br>**ORDER DENYING SECOND MOTION TO PROCEED IFP AND DISMISSING ACTION WITHOUT PREJUDICE** |

On October 21, 2024, plaintiffs Laura Leah Jackson and Angel Divine Williams filed their complaint in this action. ECF No. 1. A motion to proceed *in forma pauperis* ("IFP") and for appointment of counsel was filed on the same day by Ms. Jackson only. ECF Nos. 2, 3.

On October 28, 2024, the Court denied the motion to proceed IFP, and the motion to appoint counsel, without prejudice. ECF No. 5. The Court explained:

> "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed *in forma pauperis* unless all of them demonstrate inability to pay the filing fee." *Ellis-Sanders v. Guardian Piazza D'Oro LLC*, No. 24-cv-00408-BAS-SBC, 2024 U.S. Dist. LEXIS 159054, at *3 (S.D. Cal. Sep. 4, 2024) (internal quotation marks omitted); *Anderson v. State*, No. 10 CV 2216 MMA (AJB), 2010 U.S. Dist. LEXIS 114197, at *2 (S.D. Cal. Oct. 27, 2010) ("[A]lthough

1

> only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status.").
>
> ….
>
> There are two Plaintiffs in this case. ECF No. 1 at 1. However, only a single request to proceed IFP, signed by Ms. Jackson, was filed. Ms. Jackson's IFP application is almost entirely blank. The only substantive information provided is a handwritten narration that makes vague allegations that unknown individuals have taken or destroyed her assets. ECF No. 2 at 5. The application lacks any meaningful information on Ms. Jackson's income, assets, or expenses. Moreover, for Plaintiffs to collectively proceed IFP, Ms. Williams must submit her own separate, signed, and complete IFP application. In the absence of complete IFP applications signed by both Plaintiffs, the Court is unable to determine whether Plaintiffs are entitled to proceed IFP. As Plaintiffs have not yet paid the filing fee or been granted IFP status, the Court also declines to consider Ms. Jackson's motion to appoint counsel at this time. *See Ellis-Sanders*, 2024 U.S. Dist. LEXIS 159054, at *4.

*Id.* at 2-3. The Court denied the IFP application and request for counsel without prejudice, and stated that if Plaintiffs wish to proceed with this action, they must pay the filing fee or "each file a complete application to proceed IFP by November 18, 2024." *Id.* at 3. The Court stated, "[t]he Court cautions Plaintiffs that if they do not pay the filing fee or submit complete IFP applications by the prescribed deadline, the Court will dismiss the action without prejudice." *Id.* The Court continued:

> The Court further DIRECTS Ms. Jackson to provide the Court with a current address in accordance with Civil Local Rule 83.11(b) ("A party proceeding pro se must keep the Court and opposing parties advised as to current address."). Finally, because Ms. Williams is representing herself, she is DIRECTED to sign the Complaint. See Fed. R. Civ. P. 11(a). Ms. Williams should submit a copy of the signed Complaint with her complete IFP application or upon paying the filing fee.

*Id.*

On November 12, 2024, Ms. Jackson filed a second motion to proceed IFP, along with a second motion for appointment of counsel. ECF Nos. 6, 7. Ms. Jackson's second

IFP motion states that she has no income of any kind, no employment history, no bank accounts, no other assets, no amounts owed to her, and no monthly expenses. ECF No. 6 at 1-5. The IFP application is signed "Laura Jackson." *Id.* at 5. However, it contains no information regarding her co-plaintiff Ms. Williams. Ms. Williams has not filed a motion to proceed IFP, nor has she paid the filing fee. Additionally, Ms. Jackson has not provided the Court with a current address as previously directed, and Mr. Williams has not signed the Complaint as previously directed.

Because Plaintiffs have not corrected the deficiencies identified in the Court's order of October 28, 2024, Ms. Jackson's second IFP motion and motion to appoint counsel [ECF Nos. 6, 7] are **DENIED**, and as the Court previously cautioned the action is **DISMISSED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: December 4, 2024

*/s/ Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge